UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

In re:

    Monica M. Pierce,                              Case No.: 17-20922-PRW
                                                                Chapter 7

                      Debtor(s).

## CASE MANAGEMENT ORDER
## DIRECTING CHAPTER 7 TRUSTEE TO FILE A
## REPORT AS TO THE STATUS OF THIS CASE

### I.
### PREAMBLE

This Case Management Order is rooted in two fundamental principles. First, every court has "inherent" power to exercise its discretion to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Company*, 299 U.S. 248, 254 (1936). Second, having a bankruptcy case remain open—particularly after the debtor has been granted a discharge—creates a potential to harm a debtor's credit standing and ability to enjoy a "fresh start." The court and parties are charged with securing a just, speedy, and inexpensive determination of every case. *See* Rule 1001 FRBP.

### II.
### LAST CASE ACTIVITY REFLECTED ON DOCKET

It has been more than 240 days since the last docket entry in this case. The last docket entry was made on December 11, 2017. The docket reflects that the Chapter 7 Trustee held a 341 meeting on November 17, 2017 and closed the meeting. (ECF No. 58). The Trustee has not complied with the terms of an Order entered October 12, 2017. (ECF No. 45). The status is unknown.

## III.
## TRUSTEE TO FILE REPORT OF CURRENT STATUS
## AND TO CONTINUE TO FILE STATUS REPORTS
## EVERY 240 DAYS UNTIL CASES CLOSES

The Court, in the exercise of its discretion, to control the disposition of cases on its docket in the manner commanded by Rule 1001 FRBP, directs and it is hereby

**ORDERED**, that the Chapter 7 Trustee must file a written "*Chapter 7 Trustee 240-Day Status Report*" on the docket in this case, **within 20 days of the date of this Order**, providing sufficient information for the Court, the U.S. Trustee, and parties in interest to readily understand the present status of the case, the specific steps remaining to be taken to move this case to closure, and a reasonable estimation of the time such activity will require—(the Trustee is to avoid disclosing confidential information or litigation strategy). The Report must be in the format of a pleading (letters are not acceptable), and filed on the docket using the ECF Trustee/UST pick-list event titled "Ch. 7 Trustee 240 Day Status Report." A copy of the Report will be sent to the U.S. Trustee, counsel to the debtor, and the debtor through the Court's CM/ECF system, utilizing the Bankruptcy Noticing Center. It is further

**ORDERED**, that the Chapter 7 Trustee must file a follow-up or supplemental "*Chapter 7 Trustee 240-Day Status Report*" not later than 240 days from the date of filing the initial Report required by this Order, and continuing every 240 days until this case is closed.

**IT IS SO ORDERED.**

Dated: September 4, 2018
Rochester, New York

HON. PAUL R. WARREN
United States Bankruptcy Judge

2